# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**UNITED STATES OF AMERICA,**

**Plaintiff,**

**-vs-**                                        **Case No.  6:05-cv-1919-Orl-28KRS**

**RONY RICHARD LOUIS,**

**Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed

herein:

| | |
|---|---|
| **MOTION:** | **MOTION FOR ENTRY OF DEFAULT JUDGMENT (Doc. No. 8)** |
| **FILED:** | **May 5, 2006** |

## I.    PROCEDURAL BACKGROUND.

On December 28, 2005, the United States of America filed a complaint against Defendant

Rony Richard Louis seeking to recover $10,000.00 on an allegedly unpaid order of forfeiture

assessed by the Federal Communications Commission (FCC).  Doc. No. 1.  Louis was served with

the summons and complaint on January 3, 2006.  Doc. No. 2.  After Louis failed to answer or

otherwise respond to the complaint, the United States moved for the entry of a clerk's default, doc.

no. 6, which was entered on February 3, 2006, doc. no. 7.

On May 5, 2006, the United States filed a motion for entry of default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2).  Doc. No. 8.  In support of this motion, the United States filed the declaration of Ralph M. Barlow, the District Director of the Tampa Office of the FCC, and the administrative record compiled by the FCC.  To date, Louis has not responded to the complaint or to the present motion.  The motion has been referred to me for issuance of a report and recommendation.

## II.      STANDARD OF REVIEW.

A court may enter a default judgment only if the factual allegations of the plaintiff's complaint, which are assumed to be true, provide a sufficient legal basis for entry of a default judgment.  *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law.").  Therefore, in considering a motion for default judgment, a court must examine the sufficiency of the allegations in a complaint to determine whether a plaintiff is entitled to a default judgment.  *Fid. & Deposit Co. v. Williams*, 699 F. Supp. 897, 899 (N.D. Ga. 1988).

The defaulting defendant does not admit the amount of damages to be awarded.  *See Miller v. Paradise of Port Richey, Inc.*, 75 F. Supp. 2d 1342, 1346 (M.D. Fla. 1999).  The plaintiff has the burden of proving the amount of damages to be awarded.  *Id.*  "Damages may be awarded only if the record adequately reflects the basis for the award via 'a hearing or a demonstration by detailed affidavits establishing the necessary facts.'"  *Adolph Coors Co. v. Movement Against Racism and the Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985) (citing *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979) (per curiam)).

III.    **ANALYSIS.**

    A.    *Liability.*

        1.    *Allegations of the Complaint.*

The complaint alleges that Louis owes the United States $10,000.00 by virtue of a forfeiture assessed by the FCC.  Doc. No. 1.  The Certificate of Forfeiture, which is incorporated into the complaint, certifies that the "[t]otal forfeiture assessed by the FCC as of February 28, 2005," is $10,000.00. *Id.* at 3.  It "certif[ies] that [FCC] records show that [Louis] has been ordered to pay the United States" this amount based on a Notice of Apparent Liability for Forfeiture issued March 3, 2004, a Forfeiture Order issued May 20, 2004, and a Memorandum Opinion and Order issued December 7, 2004.  *Id.*  Louis's address is included in the Certificate of Forfeiture.

        2.    *Analysis.*

The FCC has authority to issue forfeiture penalties for violations of the Communications Act or its implementing regulations.  47 U.S.C. § 503.  If the violator refuses to pay, the FCC may file suit through the United States Attorney's Office.  47 U.S.C. 504(a); *see also Action for Children's Television v. F.C.C.*, 59 F.3d 1249, 1253–55 (D.C. Cir. 1995) (describing enforcement scheme under the Communications Act).

To enforce a forfeiture penalty assessed by the FCC, the government must show the following: (1) that the FCC issued a notice of apparent liability; (2) that the alleged violator received the notice (or that the notice was sent to the alleged violator's last known address) and was given an opportunity to respond; and (3) that an order of forfeiture was entered.  47 U.S.C. §

503(b)(4);  *see also United States v. Rowland*, Case No. 6:03-cv-106-Orl-31DAB (doc. no. 19), 2003 WL 22319074, *5 (M.D. Fla. July 8, 2003).

By failing to respond to the complaint, Louis is deemed to have admitted (1) that the FCC issued a Notice of Apparent Liability for Forfeiture on March 3, 2004.  Because the FCC will only issue a Memorandum Opinion and Order if an alleged violator requests reconsideration of a forfeiture order, 47 C.F.R. § 1.106(k), and because Louis is deemed to have admitted that a Memorandum Opinion and Order was issued on December 7, 2004, he is deemed to have admitted (2) that he received the notice of apparent liability and/or order of forfeiture and had an opportunity to respond.  Finally, because the complaint specifically references the Forfeiture Order issued May 20, 2004,  Louis is deemed to have admitted (3) that the FCC issued a forfeiture order. This is sufficient to establish the United States' claim under 47 U.S.C. § 503(b)(4).

      B.     *Damages.*

          1.     *Applicable Law.*

The relevant statute, 47 U.S.C. § 301, provides that "[n]o person shall use or operate any apparatus for the transmission of energy or communications or signals by radio" from a place in any state to another place in the same or any other state without a license from the FCC.  Pursuant to 47 U.S.C. § 503(b), the FCC is authorized to issue forfeiture penalties against any person who "willfully or repeatedly" fails to comply with the statutes and regulations governing radio and other broadcast media.  47 U.S.C. § 503(b).  "[T]he term 'willful' means that the violator knew he was taking the action in question, irrespective of any intent to violate the Act, while 'repeatedly' means more than once."  *Rowland*, 2003 WL 22319074 at *4 (citing *In re Matter of Peninsula Comm. Inc.*, 17 F.C.C.R. 2832, 2835-36, 2002 WL 181100 (F.C.C. Feb. 6, 2002)).

In determining the amount of a forfeiture, the FCC must consider the nature, circumstances, extent, and gravity of the violations, as well as the violator's culpability, history of prior offenses, ability to pay, and other such matters as justice may require.  47 U.S.C. § 503(b)(2)(D).  The relevant regulation, 47 C.F.R. § 1.80, provides that the base amount of a forfeiture under 47 U.S.C. § 503 for "[c]onstruction and/or operation without an instrument of authorization for the service" is $10,000.00.  *See also Rowland*, 2003 WL 22319074 at *4 (citing *The Commission's Forfeiture Policy Statement and Amendment of Section 1.80 of the Rules to Incorporate the Forfeiture Guidelines*, 12 F.C.C.R. 17087, 17112 (1997)).

      2.    *Evidence.*

Barlow's declaration and the administrative record indicate that in October 2003, the FCC began investigating an unlicensed radio station broadcasting at 89.5 MHz and operated out of a commercial building located at West Oakridge Road in Orlando, Florida.  Doc. No. 8-2 at 5-6; Doc. No. 8-9 at 13.[1]  Based on field tests conducted by FCC agents, it was determined that the radio station was broadcasting at a field strength greater than that permitted by the applicable statutes and regulations.  Doc. No. 8-2 at 6.

On November 5, 2003, FCC agents, accompanied by two Orange County Sheriff's deputies, inspected the building and, after having been admitted by Louis, observed an RVR Elettronica exciter and amplifier.  Doc. No. 8-9 at 14-15.  The FCC agents demanded that Louis terminate any unauthorized operation of a radio station.  Doc. No. 8-6 at 11; Doc. No. 8-9 at 14-

---

[1] For the sake of convenience, I will identify relevant portions of the administrative record by citing the page number of the exhibits filed in this Court, without regard to internal pagination.

15.  The agents requested that Louis surrender the equipment, which he did.  Doc. No. 8-7 at 3; Doc. No. 8-9 at 15.

On December 20, 2003, while on personal travel in the area of West Oakridge Road in Orlando, an FCC agent observed transmissions on 89.5 MHz, the frequency previously used by Louis.  Doc. No. 8-9 at 15.  On January 15, 2004, FCC agents returned to the area to conduct field tests, and confirmed that unauthorized broadcasts that exceeded the permissible field strength were being transmitted from the same location as before.  Doc. No. 8-9 at 16.  While the agents were unable to speak with anyone inside the building, they observed the car Louis had previously identified as his.  Doc. No. 8-9 at 16.  The following day, the agents returned and were able to speak with Louis, who denied operating an unlicensed radio station or possessing the necessary equipment.  Doc. No. 8-9 at 17.

On January 23, 2004, FCC agents sent a warning letter to the owner of the commercial property from which the unauthorized transmission was made.  Doc. No. 8-9 at 5.  The owner responded that she had contacted Louis and demanded that he obtain a valid license or cease all radio activity, and that Louis had indicated an antenna and radio would be removed by February 1, 2004.  Doc. No. 8-9 at 10.

On March 3, 2004, the FCC issued to Louis a Notice of Apparent Liability for Forfeiture. The notice summarized the relevant factual history and explained that pursuant to the applicable statutes and regulations, Louis was apparently liable for a forfeiture of $10,000.00.  Doc. No. 8-5 at 2-5.

On May 20, 2004, after Louis failed to respond to the notice within the time provided, the FCC issued a Forfeiture Order for $10,000.00.  Doc. No. 8-3 at 11-12.  On May 24, 2004, Louis

submitted a letter to the FCC requesting reconsideration of the forfeiture order.  Doc. No. 8-3 at

10.  In the request, Louis admitted to operating a radio station without authorization by the FCC,

and acknowledged receiving a warning and surrendering his equipment.  *Id*.  Louis represented

that he had not thereafter operated a radio station, and had attempted to obtain a license.  *Id*.  He

promised "that kind of behavior will never take place anymore."  *Id*.

On December 7, 2004, the FCC issued a Memorandum Opinion and Order denying the

petition for reconsideration and ordering the forfeiture of $10,000.00.  Doc. No. 8-3 at 7-9.  On

February 28, 2005, the FCC sent Louis notice that if he did not pay the amount required by the

forfeiture order, the matter would be referred to the Department of Justice.  Doc. No. 8-3 at 2.

> 3.    *Analysis.*

The evidence indicates that Louis was verbally warned that his operation of an unlicensed

radio station was unlawful and that he surrendered equipment to the FCC agents.  Thereafter, FCC

agents observed radio broadcasts using the same frequency as Louis had used, emanating from the

same location Louis had used.  While Louis denied operating an unlicensed radio station, he later

apparently represented to the owner of the property that he would obtain a license or cease further

operation.

The FCC then issued a Notice of Apparent Liability, to which Louis failed to respond.  The

FCC then issued an Order of Forfeiture, to which Louis responded.  The FCC considered this

response a request for reconsideration, and evaluated it as such.  Based on its review of the history

of the case, the FCC declined to assess less than the base forfeiture amount.

Based on Barlow's declaration and the administrative record, and in the absence of

objection by Louis, I conclude that the FCC's decision to assess the base forfeiture amount was

permissible.  Because the regulations provide for a $10,000.00 base amount of a forfeiture for

violations of § 503, I conclude that the United States has satisfied its burden of showing damages

in that amount.

## IV.    RECOMMENDATION.

Based on the foregoing, I respectfully recommend that the United States' Motion for Entry

of Default Judgment, doc. no. 8, be **GRANTED**, and that the Court enter judgment against Louis

in the amount of $10,000.00.

I further recommend that the Clerk of Court be directed to enter a judgment consistent with

the Order entered on this Report and Recommendation and, thereafter, to close the file.

Failure to file written objections to the proposed findings and recommendations contained

in this report within **ten (10)** days from the date of its filing shall bar an aggrieved party from

attacking the factual findings on appeal.

**RECOMMENDED** in Orlando, Florida on August 18, 2006.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy